UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP,<br>INC., a Delaware corporation ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | |
| VS. | ) | 3:06-CV-1376-G |
| | ) | |
| JOHN SANCHEZ, | ) | **ECF** |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant for leave to amend his answer

and counterclaim.  In their opposition to the motion, the plaintiffs argue that the

defendant should not be allowed to add affirmative defenses to his answer because he

"cites no new purported factual bases for any of these affirmative defenses" and "can

show no justification for his failure to raise these defenses until now."  Plaintiffs'

Response in Opposition to Defendant's Motion for Leave to File Amended Pleadings

("Plaintiffs' Response") at 3.  In support of their position, the plaintiffs provide an

incomplete citation to *Trinity Carton Company, Inc. v. Falstaff Brewing Corporation*, 767

F.2d 184, 194 (5th Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986), with an

explanatory note indicating that a defendant must provide justification before he may add affirmative defenses. *Id.* In the case cited by the plaintiffs, a defendant sought leave to amend its pleadings more than three years after the suit was initiated and more than three months after the jury rendered a verdict. *Trinity Carton Company, Inc.*, 767 F.2d at 194. These facts bear no resemblance to the circumstances of the present case.

In the case before this court, the defendant sought leave to amend his answer and counterclaim more than three months before the deadline for amendments set forth in the court's scheduling order. *See* Docket Entry # 19 ¶ 3. As the Supreme Court has noted, "[a]n answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend 'of course' has passed, 'leave [to amend] shall be freely given when justice so requires.'" *Kontrick v. Ryan*, 540 U.S. 443, 459 (2004). Although the plaintiffs allege that many of the defendant's affirmative defenses "fail as a matter of law," they do not respond to all of the additional defenses presented by the defendant. Plaintiffs' Response at 3-4. Therefore, it would be unjust to deny the defendant the opportunity to amend his answer and be heard on each of his proffered defenses.

Accordingly, the defendant's motion for leave is **GRANTED**. The defendant shall electronically file his amended answer and counterclaims no later than **July 26, 2007**.

**SO ORDERED**.

July 25, 2007.


_____
A. JOE FISH
CHIEF JUDGE